1  Jacob C. Reinbolt (State Bar No. 138085)
   Paul A. Tyrell (State Bar No. 193798)
2  PROCOPIO, CORY, HARGREAVES
       & SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California 92101-4469
4  Telephone: (619) 238-1900
   Facsimile: (619) 235-0398
5
   RONALD R. BALL, City Attorney
6  (State Bar No. 74105)
   PAUL G. EDMONSON, Deputy City Attorney
7  (State Bar No. 118490)
   CITY OF CARLSBAD
8  1200 Carlsbad Village Drive
   Carlsbad, California 92008-1989
9  Telephone: (760) 434-2891
   Facsimile: (760) 434-8367
10
   Attorneys for Plaintiffs,
11 CITY OF CARLSBAD and
   CARLSBAD PUBLIC FINANCING AUTHORITY
12

**FILED**

**JUL – 7 2008**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

13            IN THE UNITED STATES DISTRICT COURT

14          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15 CITY OF CARLSBAD, a California          Case No. '08 CV 1211 JLS WMc
   municipal corporation; and
16 CARLSBAD PUBLIC FINANCING              **COMPLAINT FOR:**
   AUTHORITY, a California joint powers
17 authority,                             1. **Copyright Infringement;**
                                          2. **Cybersquatting;**
18            Plaintiffs,                 3. **Unfair Competition in Violation of the**
                                             **Lanham Act;**
19 v.                                     4. **Unfair Competition in Violation of Cal.**
                                             **Bus. & Prof. Code § 17200;**
20 PRINCE REZA SHAH,                      5. **Common Law Unfair Competition; and**
   an individual.                         6. **Declaratory Judgment of Trademark**
21                                           **Rights**
              Defendant.
22                                        **JURY TRIAL DEMANDED**

23

24

25

26

27

28

COMPLAINT

1     Plaintiffs, City of Carlsbad, a California municipal corporation (the "City"), and the

2     Carlsbad Public Financing Authority ("CPFA") (together "Plaintiffs") bring this action against

3     Defendant Prince Reza Shah ("Defendant") and hereby allege as follows:

4                                    **NATURE OF THE ACTION**

5          1.     This is an action for violations of the Federal Copyright Act under 17 U.S.C.

6     § 101, *et seq.*; for Unfair Competition under the Federal Lanham Act, 15 U.S.C. § 1125(a); for

7     unfair competition under California Business & Professions Code § 17200 and the common law;

8     for violations of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d); and

9     for a declaration of trademark rights under the Federal Declaratory Judgment Act, 28 U.S.C.

10    §§ 2201-02 and 15 U.S.C. § 1051 *et seq.*.

11         2.     As alleged in greater detail below, this action arises from Defendant's numerous

12    improper acts and overall scheme to effectively hijack and unlawfully profit upon the name

13    "THE CROSSINGS AT CARLSBAD" which the City selected for its new golf course, as well as

14    the City's chosen logo and other marks.   The wrongfulness and impropriety of Defendant's

15    scheme is underscored by the fact that he had no connection with, and made no effort to use, the

16    name "THE CROSSINGS AT CARLSBAD" until <u>after</u> the City's public announcement of its

17    selection of that name for its golf course.  Plaintiffs seek monetary damages, injunctive relief and

18    declaratory relief to remedy Defendant's wrongdoing.

19                                  **JURISDICTION AND VENUE**

20         3.     The federal claims alleged in this Complaint arise under the Copyright Laws of

21    the United States, 17 U.S.C. § 101 *et seq.,* the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and the

22    Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.   This Court has subject matter

23    jurisdiction over those claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and

24    over the related state causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

25         4.     This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C.

26    §§ 1331, 1391 and 1400 because Defendant resides in this judicial district and regularly conducts

27    business in this judicial district.

28

115010/000002/798403.08

1     5.      Venue properly lies in the Southern District of California under 28 U.S.C. §§ 1391

2    and 1400(a) as the Plaintiff is a municipal corporation organized in this judicial district, and

3    Defendant resides and has performed the acts complained of within this judicial district.

4                                      **PARTIES**

5     6.      The City of Carlsbad is a California Municipal Corporation with an address of

6    1200 Carlsbad Village Drive, Carlsbad, California 92008.

7     7.      CPFA is a joint powers authority based in Carlsbad, California which was

8    formed for the purpose of financing and operating the City's municipal golf course. CPFA is a

9    licensee of the City's trademarks and copyrights described herein.

10     8.      On information and belief, Defendant is an individual residing in Carlsbad,

11    California who also maintains a place of business in Carlsbad, California.

12                            **FACTUAL ALLEGATIONS**

13           **The City's Development, Naming and Promotion of**

14                **"The Crossings at Carlsbad" Golf Course**

15     9.      Beginning at least as early as 1990, the City began planning a municipal golf

16    course to be located within the City. The golf course ultimately cost the City more than Sixty

17    Eight Million Dollars ($68,000,000) to plan, develop and build.

18     10.     The City acquired the land which now constitutes the golf course in 1992, and

19    commenced conceptual development of the golf course in 1998. The City began construction on

20    the land in 2005, and continuously constructed the golf course and its accompanying buildings

21    and facilities through July 2007. The City opened the golf course in August 2007.

22     11.     Beginning in 2005, the City undertook a well publicized campaign to name the

23    golf course. The City hired marketing consultants and experts in the industry of promoting and

24    branding golf courses to assist the City in choosing a name for the golf course.

25     12.     As part of the campaign to name the golf course, the City solicited suggestions for

26    names from the public. As reflected in publicly available minutes of the City's meetings, at a

27    June 6, 2006 meeting of at the Carlsbad City Council (the "City Council"), which was open to the

28    public, the City announced its plan to solicit names from the public and invited people to submit

COMPLAINT

115010/000002/798403.08

1  proposed names within a specified period of time.  At that meeting, the City announced its
2  intention to publicly unveil the chosen name for the golf course on October 18, 2006.

3      13.    After receiving over 700 suggestions from the public, the City selected "THE
4  CROSSINGS AT CARLSBAD" as the name for the golf course, subject only to formal approval
5  of the name by the City Council. On September 11, 2006, an agent acting on behalf of the City
6  registered the domain name "thecrossingsatcarlsbad.com".

7      14.    During an open City Council meeting on October 18, 2006, the City formally
8  announced its selection of "THE CROSSINGS AT CARLSBAD" as the final recommended
9  name for the golf course.  On the same day, the City issued a press release identifying "THE
10  CROSSINGS AT CARLSBAD" as the name of the golf course.

11      15.    By October 19, 2006, "THE CROSSINGS AT CARLSBAD" was reported in a
12  local newspaper and in various sources on the Internet as the name of the golf course.  The City
13  Council formally adopted the name during a public meeting on November 21, 2006.

14      16.    From the date of first publication of the name "THE CROSSINGS AT
15  CARLSBAD" in the press, at least as early as October 18, 2006, and continuing to the present
16  date, the City has devoted significant efforts, including substantial time and resources, to promote
17  the name of its golf course and the name for the related goods and services to be offered under
18  that name.  Additionally, the City developed and promoted the use of the acronym "TCAC" to
19  further identify the golf course and related goods and services.

20      17.    When the City chose the names "THE CROSSINGS AT CARLSBAD" and
21  "TCAC" (together, the "Marks"), it fully intended to protect them as proprietary trademarks,
22  including by federal registrations.

23      **The City's Copyrighted Logo for The Crossings at Carlsbad Golf Course**

24      18.    Beginning as early as December 2006, the City began working on the
25  development of a logo for use with the Marks.

26      19.    During a public meeting, on or about February 5, 2007, City employees and
27  consultants formally presented the City Council with a proposed logo (the "Logo") that
28  ultimately became the official Logo for the golf course.  A true and correct depiction of the Logo

-3-
COMPLAINT

1    is attached hereto as Exhibit 1 and incorporated by this reference.  The unique Logo constitutes

2    original artwork including waves inspired by the City's coastal location.

3           20.      On March 1, 2007, the City formally adopted the Logo, and then published it at

4    the launching of the "thecrossingsatcarlsbad.com" website in mid-March 2007.

5           21.      The City owns the copyright in the Logo and has secured the exclusive rights and

6    privileges to the copyright by registering the same with the United States Copyright Office.  A

7    true and correct copy of the copyright Certificate of Registration for the Logo is attached hereto

8    as Exhibit 2 and incorporated by this reference.  The effective date of the registration is March

9    31, 2008.

10                                 **Defendant's Infringing Conduct**

11           22.      Over a period of several months, beginning <u>more than one month after</u> the City

12    announced, promoted and began to use the Marks for the golf course and its associated goods and

13    services, and <u>more than two months after</u> an agent acting on behalf of the City registered the

14    domain name thecrossingsatcarlsbad.com, Defendant – an individual with absolutely no

15    connection to the City's municipal golf course – improperly and in bad faith undertook a series of

16    acts which infringed upon the City's intellectual property rights associated with the name "THE

17    CROSSINGS AT CARLSBAD".

18           23.      Importantly, in sworn deposition testimony in another action, Defendant has

19    admitted that he first learned of the name "THE CROSSINGS AT CARLSBAD" when he came

20    upon information showing the registration of the domain name thecrossingsatcarlsbad.com, i.e.,

21    the domain name registered by an agent acting on behalf of the City for use in connection with

22    the City's municipal golf course.

23    **Defendant's Applications for Trademark Registrations**

24           24.      Over a period of several months, beginning <u>more than one month after</u> the City

25    announced, promoted and began to use the Marks for the golf course and its associated goods and

26    services, and <u>more than two months after</u> an agent acting on behalf of the City registered the

27    domain name thecrossingsatcarlsbad.com, Defendant filed, in the United States Patent and

28    Trademark Office ("USPTO"), a series of Intent to Use trademark applications for the Marks for

COMPLAINT

golf course related goods and services.

25.    Defendant's improper and bad faith filings with the USPTO included the following:

(a)    On November 30, 2006, Defendant filed an Intent to Use trademark application for "THE CROSSINGS AT CARLSBAD", in Class 25, for clothing, namely men's and women's golf caps and golf shirts (application Serial No. 77/054,111).

(b)    On November 30, 2006, Defendant filed an Intent to Use trademark application for "TCAC", in Class 25, for clothing, namely men's and women's golf caps and golf shirts (application Serial No. 77/054,126).

(c)    On December 11, 2006, Defendant filed an Intent to Use trademark application for "TCAC", in Class 28, for golf balls (application Serial No. 77/061,706).

(d)    On June 7, 2007, Defendant filed an Intent to Use trademark application for "THE CROSSINGS AT CARLSBAD", in Class 41, for golf courses (application Serial Number 77/202046).

(e)    On June 12, 2007, Defendant filed an Intent to Use trademark application for "THE CROSSINGS AT CARLSBAD", in Class 28, for golf balls, golf clubs and golf tees (application Serial Number 77/203754).

**Defendant's Mass Registration of Confusingly Similar Internet Domain Names**

26.    In addition, after the City published, and began using the name for its golf course, and after the City registered the domain name thecrossingsatcarlsbad.com, Defendant registered the following Internet domain addresses:

(a)    www.thecrossingatcarlsbad.com,

(b)    www.thecrossingatcarlsbad.mobi,

(c)    www.thecrossingatcarlsbad.net,

(d)    www.thecrossingsatcarlsbadinc.mobi,

(e)    www.thecarlsbadgolfcenter.mobi,

(f)    www.golfthecrossingatcarlsbad.com,

(g)    www.golfthecrossingatcarlsbad.mobi,

-5-
COMPLAINT
115010/000002/798403.08

1         (h)     www.golfthecrossingatcarlsbad.net,

2         (i)     www.golfthecrossingsatcarlsbad.com,

3         (j)     www.golfthecrossingsatcarlsbad.mobi,

4         (k)     www.golfthecrossingsatcarlsbad.net,

5         (l)     www.carlsbadgolf.mobi,

6         (m)     www.carlsbadgolfcenter.mobi,

7         (n)     www.carlsbadchamber.mobi,

8         (o)     www.carlsbad.mobi,

9         (p)     www.tcac.mobi,

10        (q)     www.tcacgolf.com,

11        (r)     www.tcacgolf.mobi, and

12        (s)     www.tcacgolf.net

13   (collectively, the "Infringing Domain Names").

14        27.     The City is informed and believes and based thereon alleges that the Infringing

15   Domain Names are for sale on Defendant's website at www.carlsbad.mobi.

16        28.     In sworn deposition testimony in another action, Defendant has admitted that he

17   owns approximately 400 domain names and that those domain name registrations were chosen by

18   Defendant by looking at names of existing, well-known third party businesses, individuals or

19   entities, including such domain names as dealornodeal.mobi, trump-golf.mobi and tiger-

20   woods.mobi.

21   **Defendant's Infringement of The City's Logo**

22        29.     On September 20, 2007, more than seven months after the City publicly

23   announced its adoption of the Logo, Defendant filed an Intent to Use trademark application that

24   includes an unauthorized copy of the Logo, in Class 25, for hats, caps, golf shirts, and T-shirts

25   (application Serial No. 77/284659).  (See Exhibit 3.)

26        30.     On information and belief, Defendant has used the Logo on and in connection

27   with golf-related products and services that Defendant is promoting for sale.

28

COMPLAINT

115010/000002/798403.08

**Defendant's Improper Registration of California Corporations**

31.    On April 4, 2007, Defendant formed the California corporations "The Crossings at Carlsbad" (Corporation No. C2990140) and "The Crossings at Carlsbad Golf Course" (Corporation No. C2990139) (together, "Defendant's Corporations").    According to the California Secretary of State's website, Defendant is designated as the Agent for Service of Process for both of Defendant's Corporations.

### The City Files For Trademark Registrations for the Marks and the Logo

32.    While the City was already using the Marks and the Logo for its golf course and related goods and services, it sought to secure specific federal protection for a number of products and services.

33.    Specifically, the City filed the following Intent to Use trademark applications:

(a)    On July 16, 2007, the City filed an Intent to Use trademark application for "TCAC", in Class 25, for:  golf spikes; golf trousers; belts; caps; jerseys; ties; tops; sweat bands; sweat pants; sweat shirts; sweat suits; athletic shoes; vests; socks; jackets; rain jackets; waterproof jackets and pants; wind resistant jackets; visors; skirts and dresses; pants; dress shirts; knit shirts; polo shirts; shirts; and sport shirts (application Serial No. 77/230,889).

(b)    On July 16, 2007, the City filed an Intent to Use trademark application for "THE CROSSINGS AT CARLSBAD", in Class 25, for: golf caps; golf cleats; golf shirts; golf shoes; golf spikes; golf trousers; belts; caps; jerseys; ties; tops; sweat bands; sweat pants; sweat shirts; sweat suits; athletic shoes; vests; socks; jackets; rain jackets; waterproof jackets and pants; wind resistant jackets; visors; skirts and dresses; pants; dress shirts; knit shirts; polo shirts; shirts; and sports shirts (application Serial No. 77/230,864).

(c)    On July 26, 2007, the City filed an Intent to Use trademark application for "THE CROSSINGS AT CARLSBAD", in Class 28, for: divot repair tools; fitted covers for non-motorized golf carts; fitted head covers for golf clubs; golf accessory pouches; golf bag covers; golf bag pegs; golf bag tags; golf bags; golf ball markers; golf ball

-7-
COMPLAINT

retrievers; golf ball sleeves; golf balls; golf club bags; golf club covers; golf club grips; golf club heads; golf club inserts; golf club shafts; golf club swing aids, namely golf club balancing scales and scale parts thereof, to analyze, fit and/or make golf clubs; golf clubs; golf flags; golf gloves; golf irons; golf putter covers; golf putters; golf tee markers; golf tees; golf towel clips for attachment to golf bags; golf training equipment, namely, a golf training cage; grip tapes for golf clubs; hand grips for golf clubs; head covers for golf clubs; non-motorized golf carts; and putting practice mats (application Serial No. 77/240,017).

(d)    On July 25, 2007, the City filed an Intent to Use trademark application for "THE CROSSINGS AT CARLSBAD", in Class 41, for: entertainment in the nature of golf tournaments; fitting of golf clubs to individual users; golf caddie services; golf club services; golf courses; golf driving range services; golf instruction; providing a website through which golfers reserve tee times at golf courses; providing golf facilities; and rental of golf equipment (application Serial No. 77/238,790).

(e)    On July 24, 2007, the City filed an Intent to Use trademark application for "TCAC", in Class 28, for: covers for golf clubs; divot repair tools; fitted covers for non-motorized golf carts; fitted head covers for golf clubs; golf accessory pouches; golf bag covers; golf bag pegs; golf bag tags; golf bags; golf ball markers; golf ball retrievers; golf ball sleeves; golf balls; golf club bags; golf club covers; golf club grips; golf club heads; golf club inserts; golf club shafts; golf club swing aids, namely golf club balancing scales and scale parts thereof, to analyze, fit and/or make golf clubs; golf clubs; golf flags; golf gloves; golf irons; golf putter covers; golf putters; golf tee markers; golf tees; golf towel clips for attachment to golf bags; golf training equipment, namely, a golf training cage; grip tapes for golf clubs; hand grips for golf clubs; head covers for golf clubs; non-motorized golf carts; and putting practice mats (application Serial No. 77/235,270).

(f)    On November 9, 2007, the City filed an Intent to Use trademark application for "TCAC", in Class 41, for: entertainment in the nature of golf tournaments; fitting of golf clubs to individual users; golf caddie services; golf club

-8-
COMPLAINT

services; golf courses; golf driving range services; golf instruction; providing a website through which golfers locate information about golf courses and golf tournaments; providing a website through which golfers reserve tee times at golf courses; providing golf facilities; providing news and information on the sport of golf; and rental of golf equipment (application Serial No. 77/326,199).

(g)    On August 24, 2007, the City filed an Intent to Use trademark application for the Logo, in Class 28, for: divot repair tools; fitted covers for non-motorized golf carts; fitted head covers for golf clubs; golf accessory pouches; golf bag covers; golf bag pegs; golf bag tags; golf bags; golf ball markers; golf ball retrievers; golf ball sleeves; golf balls; golf club bags; golf club covers; golf club grips; golf club heads; golf club inserts; golf club shafts; golf club swing aids, namely golf club balancing scales and scale parts thereof, to analyze, fit and/or make golf clubs; golf clubs; golf flags; golf gloves; golf irons; golf putter covers; golf putters; golf tee markers; golf tees; golf towel clips for attachment to golf bags; golf training equipment, namely, a golf training cage; grip tapes for golf clubs; hand grips for golf clubs; head covers for golf clubs; non-motorized golf carts; and putting practice mats (application Serial No. 77/263,971).

(h)    On August 24, 2007, the City filed an Intent to Use trademark application for the Logo, in Class 25, for: golf caps; golf cleats; golf shirts; golf shoes; golf spikes; golf trousers; belts; caps; jerseys; ties; tops; sweat bands; sweat pants; sweat shirts; sweat suits; athletic shoes; vests; socks; jackets; rain jackets; waterproof jackets and pants; wind resistant jackets; visors; skirts and dresses; pants; dress shirts; knit shirts; polo shirts; sport shirts; and shirts (application Serial No. 77/263,925).

(i)    On August 24, 2007, the City filed an Intent to Use trademark application for the Logo, in Class 41, for: entertainment in the nature of golf tournaments; fitting of golf clubs to individual users; golf caddie services; golf club services; golf courses; golf driving range services; golf instruction; providing a website through which golfers locate information about golf courses and golf tournaments; providing a website through which golfers reserve tee times at golf courses; providing golf facilities; and rental of golf

COMPLAINT

115010/000002/798403.08

1  equipment (application Serial No. 77/263,996).

2  **Defendant's Unlawful Scheme is Damaging Plaintiffs and has Already Caused Actual**

3  **Confusion**

4  34.   Defendant's unlawful actions have already caused actual confusion.   On

5  information and belief, Defendant has ordered bank checks for entities with the names "The

6  Crossings at Carlsbad" and "The Crossings at Carlsbad Golf Course."   Certain of these checks

7  were mistakenly delivered by the United States Postal Service to the City's golf course despite

8  Defendant's address appearing on the mailing label.

9  35.   Significant, irreversibly damaging, actual confusion has and will inevitably result

10  from Defendant's unlawful scheme and actions.

11  36.   In addition, the natural, probable and foreseeable result of Defendant's wrongful

12  conduct, including, but not limited to, the referenced fraudulent applications for trademark

13  registration, the unauthorized copying of the Logo and the mass registration of websites

14  incorporating the Marks, has been to deceive the public by creating a likelihood of confusion

15  between Defendant and the City's golf course, products and services, and has injured, and will

16  continue to injure, the City and its relations with present and prospective customers.

17  37.   Defendant's aforementioned actions are intended to, are likely to, and actually do

18  blur and erode the distinctiveness of the Marks and tarnish the reputation of the City and the

19  City's products and services related to its golf course.

20  38.   On information and belief, unless enjoined by this Court, Defendant will continue

21  his unlawful scheme of deceiving the public and profiting from his infringement of the Marks

22  and the Logo.

23  39.   As a direct and proximate result of the acts alleged above, Plaintiffs have already

24  suffered irreparable injury and lost profits, and will continue to be damaged and lose profits.

25  Plaintiffs have no adequate remedy at law to redress all of the injuries that Defendant has caused

26  and intends to cause by his conduct.   The public will continue to be deceived and Plaintiffs will

27  continue to suffer irreparable damage and sustain loss of profits until Defendant's actions are

28  enjoined by this Court.

-10-
COMPLAINT

115010/000002/798403.08

**Actions Pending Before the Trademark Trial and Appeal Board**

40.     All five of Defendant's above-referenced federal applications for trademark registration are active, and are the subject of opposition proceedings initiated by the City before the USPTO Trademark Trial and Appeals Board ("TTAB").

41.     Defendant has the following trademark applications pending: (1) application Serial No. 77/054,111, published for opposition July 10, 2007 (THE CROSSINGS AT CARLSBAD); (2) application Serial No. 77/054,126, published for opposition June 26, 2007 (TCAC); and (3) application Serial No. 77/061,706, published for opposition June 26, 2007 (TCAC).     These three applications are the subject of TTAB Opposition Proceeding No. 91179114.  A true and correct copy of the City's Notice of Opposition in this proceeding is attached hereto as Exhibit 4 and incorporated by this reference.

42.     Defendant also has two additional applications pending: application Serial No. 77/202,046 (THE CROSSINGS AT CARLSBAD), published for opposition December 18, 2007; and application Serial Nos. 77/202,046 and 77/203,754 (THE CROSSINGS AT CARLSBAD), published for opposition December 18, 2007.  These two applications are the subject of TTAB Opposition Proceeding No. 91181769.  A true and correct copy of the City's Notice of Opposition in this proceeding is attached hereto as Exhibit 5 and incorporated by this reference.

43.     Plaintiffs hereby restate, and incorporate herein by this reference, the City's allegations in the Opposition Proceedings that it is entitled to use of the Marks because it has priority of proper use, and that Defendant's applications should be denied.

44.     Plaintiffs also hereby restate, and incorporate herein by this reference, the City's allegations in the Opposition Proceedings that Defendant's applications should be denied because the applications were submitted to the USPTO in bad faith, with an intent to deceive, fraudulently, and with no bona fide intention to use these marks in commerce for the goods and services listed in these applications.

45.     In his Answer to the City's Notice of Opposition in TTAB Opposition Proceeding No. 91179114, Defendant denied any wrongdoing.  Additionally, Defendant has asserted an affirmative defense that the City did not have a trademark use of the Marks prior to his

-11-

COMPLAINT

115010/000002/798403.08

1  applications.  A true and correct copy of Defendant's answer in this proceeding is attached hereto
2  as Exhibit 6.

3      46.    In his Answer to the City's Notice of Opposition in TTAB Opposition Proceeding
4  No. 91181769, Defendant denied any wrongdoing.  Additionally, Defendant has asserted as an
5  affirmative defense that the City did not have a trademark use of the Marks prior to his
6  applications.  A true and correct copy of the Defendant's answer in this proceeding is attached
7  hereto as Exhibit 7.

8      47.    As demonstrated by, among other things, the pleadings in the proceedings before
9  the TTAB, a justiciable controversy exists between the City and Defendant concerning whether
10  Defendant has the right to use or register the Marks and the Logo.

11      48.    By virtue of its role as a licensee of the City's trademarks and copyrights, CPFA
12  has suffered, and will continue to suffer, actual damages as a result of the Defendant's wrongful
13  acts as alleged herein.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**(Copyright Infringement, 17 U.S.C. § 501)**

17      49.    The City hereby realleges and incorporates by this reference all the foregoing
18  paragraphs as though fully set forth herein.

19      50.    The Logo is an original work of authorship that was fixed in a tangible medium of
20  expression from which it could be directly perceived, reproduced, and otherwise communicated.

21      51.    The City owns the copyright in the Logo.

22      52.    The City's copyright in the Logo is registered with the United States Copyright
23  Office with an effective date of March 31, 2008.

24      53.    Defendant has willfully done one or more of the following acts:  reproduced the
25  Logo in copies; prepared derivative works based upon the Logo; distributed copies of the Logo to
26  the public by sale; and displayed the Logo publicly.

27      54.    Defendant's infringing acts have been wilful, intentional and purposeful, in
28  disregard of and indifferent to the City's rights.

-12-

COMPLAINT

115010/000002/798403.08

55.     As a direct and proximate result of Defendant's wrongful acts alleged above, the City is entitled to recover the actual damages suffered by it as a result of Defendant's infringement, and any profits of Defendant that are attributable to the infringement and are not taken into account in computing the actual damages.

56.     The City is also entitled to the recovery of attorney's fees for the collection of its damage claim pursuant to 17 U.S.C. § 505.

57.     Finally, as a result of Defendant's acts, the City has suffered, and continues to suffer, irreparable harm and injury as a result of Defendant's conduct.  The copies created by Defendant from the Logo have been used in a manner outside the City's control and far below the City's standards and, as a result, reflect negatively on the City's products and services. Accordingly, the City has no adequate remedy at law, and is entitled to an injunction restraining Defendant, and Defendant's agents, employees, representatives, and all persons acting in concert with him, from engaging in further acts of infringement of the Logo.

## Second Claim for Relief

### (Cybersquatting, 15 U.S.C. § 1125(d))

58.     The City hereby realleges and incorporates by this reference all the foregoing paragraphs as though fully set forth herein.

59.     The City is the owner of the Marks, and the first to use the Marks in commerce.

60.     The City is informed and believes that Defendant knew of the City's ownership and first use of the Marks.

61.     The City is informed and believes that Defendant registered the Infringing Domain Names, which incorporate in whole in or part the Marks, to divert consumers from the City's online location to Defendant's Internet sites.  On information and belief, Defendant, by these actions, intended to harm the goodwill represented by the Marks, either for his own commercial gain or with the intent to tarnish or disparage the City and/or the Marks, by creating a likelihood of confusion among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's Internet sites.

-13-
COMPLAINT

115010/000002/798403.08

1   62.    The City is informed and believes that Defendant does not have a bona fide

2   commercial use or fair use of the Infringing Domain Names.  Instead, Defendant is offering, or

3   has offered for sale the Infringing Domain Names without having used the domain names in the

4   bona fide offering of any goods or services.

5   63.    On information and belief, Defendant acquired the multiple domain names with

6   the knowledge that the domains are identical or confusingly similar to the Marks.

7   64.    On information and belief, Defendant's registration of the Infringing Domain

8   Names was conducted in bad faith.

9   **Third Claim for Relief**

10   **(Unfair Competition, 15 U.S.C. § 1125 (a))**

11   65.    Plaintiffs hereby reallege and incorporate by this reference all the foregoing

12   paragraphs as though fully set forth herein.

13   66.    Defendant's unauthorized uses of the Marks and the Logo in connection with

14   marketing, advertising, promotion, offering for sale and selling of his goods and services

15   constitute unfair competition and false designation of origin in violation of Section 43(a) of the

16   Lanham Act, 15 U.S.C. § 1125(a), because Defendant's uses suggest a false designation of the

17   origin of his goods and services, which are likely to cause confusion, or to cause mistake, or to

18   deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the

19   origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by

20   Plaintiffs.

21   67.    As a direct and proximate result of Defendant's unauthorized use of the Marks and

22   the Logo, Defendant has damaged and will continue to damage Plaintiffs' goodwill and

23   reputation, and has caused and will continue to cause loss of sales and profits to Plaintiffs.

24   Defendant's actions have caused and will continue to cause irreparable harm to the City and to

25   the public who are deceived as to the source of Defendant's goods and services, unless restrained

26   and enjoined by this Court.  Plaintiffs have no adequate remedy at law to prevent Defendant from

27   continuing its infringing actions and from injuring Plaintiffs.

28

-14-

115010/000002/798403.08

68.    As a further direct and proximate result of Defendant's actions, Plaintiffs have been and will be damaged and are entitled to receive compensation arising from lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial.  In addition, Plaintiffs are entitled to disgorgement of Defendant's profits, and is entitled to interest and attorney's fees and costs incurred in bringing this action, all in an amount to be proven at trial.  Plaintiffs are further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

### Fourth Claim for Relief

**(Unfair Competition in Violation of
California Business and Professions Code § 17200 et seq.)**

69.    Plaintiffs hereby reallege and incorporate by this reference all the foregoing paragraphs as though fully set forth herein.

70.    Defendant's acts described herein have taken place at least in part in the state of California.

71.    Defendant's acts described herein are unlawful, unfair or fraudulent business acts and practices.

72.    Defendant's acts described herein constitute unfair, deceptive, untrue or misleading advertising.

73.    Defendant's acts constitute unfair competition prohibited by Cal. Bus. & Prof. Code § 17200.

74.    Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition.

75.    On information and belief, Defendant will continue its campaign and practices of unfair competition unless enjoined by this Court.

### Fifth Claim for Relief

**(Common Law Unfair Competition)**

76.    Plaintiffs hereby reallege and incorporate by this reference all the foregoing paragraphs as though fully set forth herein.

-15-

COMPLAINT

115010/000002/798403.08

77.    On information and belief, Defendant intended to use the City's intellectual property in a manner likely to confuse and mislead members of the relevant public as to the origin, sponsorship, or approval of Defendant and Defendant's products and services, and to create a false association or affiliation with the City.

78.    Defendant's acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

79.    Defendant's acts as alleged herein have damaged and will continue to damage irreparably Plaintiffs' goodwill and reputation unless restrained by this Court, and Plaintiffs have no adequate remedy at law.

## Sixth Claim for Relief

### (Declaratory Judgment of Trademark Rights, 28 U.S.C. §§ 2201-02)

80.    Plaintiffs hereby reallege and incorporate by this reference all the foregoing paragraphs as though fully set forth herein.

81.    Plaintiffs hereby restate, and incorporate by reference, the City's assertion in its oppositions in the TTAB proceedings that it has first use rights to the Marks. (See Exhibits 4 and 5.)  In addition, based on the facts alleged above, the City has first use rights to the Logo.  Those rights are predicated upon the City's public announcement of its use of the Marks and the Logo, and actual use of the Marks and the Logo, prior to Defendant establishing any rights in the Marks and the Logo.  Moreover, the City asserts that its use is the first bona fide use of the Marks and the Logo with regard to goods and services related to golf.

82.    In contrast, for each of his trademark applications, Defendant declared that he believed that he is the exclusive owner of the marks sought and that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

83.    Moreover, Defendant continues to use the Marks and the Logo in the acquisition and offering for sale of Infringing Domain Names which incorporate the Marks.

-16-

COMPLAINT

115010/000002/798403.08

84.    As referenced in the foregoing paragraphs, the City has filed trademark applications seeking to register its use of the Marks and the Logo with certain classes of goods and services. Those applications have been suspended by the USPTO pending a determination of rights to use the Marks and the Logo. True and correct copies of the Notices of Suspension from the USPTO suspending the City's applications are attached to this Complaint as Exhibit 8.

85.    A justiciable controversy exists between the City and Defendant concerning the rights to use and register the Marks.

86.    The City seeks a declaratory judgment that it, and not the Defendant, has the right to register the Marks.

## **PRAYER**

WHEREFORE, Plaintiffs request judgment as follows:

**On the First Claim for Relief:**

1.    That the Court find that Defendant has infringed the City's copyright in the Logo;

2.    That Defendant, and all other persons and entities in active concert or in privity or participation with him, be enjoined from directly or indirectly infringing the Logo or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Logo or to participate or assist in any such activity;

3.    That Defendant, and all other persons and entities in active concert or in privity or participation with him, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors and all others known to Defendant, any originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe the copyright in the Logo;

4.    That judgment be entered for the City and against Defendant for the City's actual damages according to proof, and for any profits attributable to infringements of the City's copyright, in accordance with proof, at the time of trial;

5.    That Defendant be required to account for all gains, profits, and advantages derived from his acts of infringement and for his other violations of law;

COMPLAINT

6.    That all gains, profits and advantages derived by Defendant from his acts of copyright infringement and other violations of law be deemed to be held in constructive trust for the benefit of the City; and

7.    That the City have judgment against Defendant for the City's costs and attorneys' fees pursuant to 17 U.S.C. § 505, as well as prejudgment interest.

**On the Second Claim for Relief:**

1.    That Defendant be adjudged liable for the registering of and trafficking in, with the bad faith intent to profit from, domain names that are either identical or confusingly similar to the City's Marks;

2.    For a determination by the Court that Defendant's use of the Infringing Domain Names was not a fair use;

3.    For an order of forfeiture or cancellation of the Infringing Domain Names or the transfer of the Infringing Domain Names to the City;

4.    That the City recover its damages from Defendant for Defendant's acts of cybersquatting up to three times the amount of its actual damages;

5.    That the City recover any profits obtained by Defendant; and

6.    That the City be awarded its attorneys' fees, costs, and prejudgment interest.

**On the Third Claim for Relief:**

1.    That the Court find that Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125;

2.    That Plaintiffs recover damages from Defendant for Defendant's acts of unfair competition up to three times the amount of actual damages;

3.    That Plaintiffs recover three times the amount of any profits obtained by Defendant;

4.    That Plaintiffs be awarded attorneys' fees and costs, and prejudgment interest; and

5.    That Defendant and his agents, servants, employees, attorneys, confederates and all persons and entities in active concert or participation with him, be enjoined:

-18-
COMPLAINT

(a)    From using any word, term, name, symbol, or device, including but not limited to the Marks or the Logo, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that suggests a false designation of the origin of Defendant's goods and services, or which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs;

(b)    From using any combination, reproduction, counterfeit, copy or colorable imitation of the Marks or the Logo in connection with advertising, offering for sale, or sale of goods or services the same or similar to those offered by Plaintiffs, that are likely to be confused with those of Plaintiffs, or likely to injure Plaintiffs' business reputation or the reputation of the Marks or the Logo;

(c)    From using any combination, reproduction, counterfeit, copy or colorable imitation of the Marks or the Logo in any manner likely to cause confusion, to cause mistake or to deceive;

(d)    From selling, offering for sale, advertising, promoting, or passing off, inducing or enabling others to sell, offer to sell, advertise, promote, or pass off any goods or services similar to the goods and services provided by Plaintiffs utilizing the Marks or the Logo;

(e)    From committing any acts calculated to deceive the public or to cause purchasers to believe that Defendant's goods and services are in any way connected with Plaintiffs or their goods and services; and

(f)    From otherwise competing unfairly with Plaintiffs in any manner, including, but not limited to, infringing the Marks or the Logo.

**On the Fourth Claim for Relief:**

1.    That the Court find that Defendant has engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

-19-

COMPLAINT

115010/000002/798403.08

2.      That the Court order Defendant to pay restitution to Plaintiffs; and

3.      That Defendant and his agents, servants, employees, attorneys, confederates and all persons and entities in active concert or participation with him, be enjoined:

(a)     From using any word, term, name, symbol, or device, including but not limited to the Marks or the Logo, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that suggests a false designation of the origin of Defendant's goods and services, or which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs;

(b)     From using any combination, reproduction, counterfeit, copy or colorable imitation of the Marks or the Logo in connection with advertising, offering for sale, or sale of goods or services the same or similar to those offered by Plaintiffs, that are likely to be confused with those of Plaintiffs, or likely to injure Plaintiffs' business reputation or the reputation of the Marks or the Logo;

(c)     From using any combination, reproduction, counterfeit, copy or colorable imitation of the Marks or the Logo in any manner likely to cause confusion, to cause mistake or to deceive;

(d)     From selling, offering for sale, advertising, promoting, or passing off, inducing or enabling others to sell, offer to sell, advertise, promote, or pass off any goods or services similar to the goods and services provided by Plaintiffs utilizing the Marks or the Logo;

(e)     From committing any acts calculated to deceive the public or to cause purchasers to believe that Defendant's goods and services are in any way connected with Plaintiffs or their goods and services; and

(f)     From otherwise competing unfairly with Plaintiffs in any manner, including, but not limited to, infringing the Marks or the Logo.

-20-

COMPLAINT

**On the Fifth Claim for Relief:**

1.     That the Court find that Defendant has engaged in unfair competition in violation of the applicable common law;

2.     That Plaintiffs recover its damages from Defendant for Defendant's acts of common law unfair competition;

3.     For an award of punitive and exemplary damages for the sake of example and by way of punishing Defendant pursuant to, *inter alia*, Cal. Civ. Code § 3294(a);

4.     That Defendant and his, agents, servants, employees, attorneys, confederates and all persons and entities in active concert or participation with him, be enjoined:

    (a)     From using any word, term, name, symbol, or device, including but not limited to the Marks or the Logo, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that suggests a false designation of the origin of Defendant's goods and services, or which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs;

    (b)     From using any combination, reproduction, counterfeit, copy or colorable imitation of the Marks or the Logo in connection with advertising, offering for sale, or sale of goods or services the same or similar to those offered by Plaintiffs, that are likely to be confused with those of Plaintiffs, or likely to injure Plaintiffs' business reputation or the reputation of the Marks or the Logo;

    (c)     From using any combination, reproduction, counterfeit, copy or colorable imitation of the Marks or the Logo in any manner likely to cause confusion, to cause mistake or to deceive;

    (d)     From selling, offering for sale, advertising, promoting, or passing off, inducing or enabling others to sell, offer to sell, advertise, promote, or pass off any goods or services similar to the goods and services provided by Plaintiffs utilizing the Marks or

COMPLAINT

115010/000002/798403.08

1    the Logo;

2        (e)    From committing any acts calculated to deceive the public or to cause

3    purchasers to believe that Defendant's goods and services are in any way connected with

4    Plaintiffs or their goods and services; and

5        (f)    From otherwise competing unfairly with Plaintiffs in any manner,

6    including, but not limited to, infringing the Marks or the Logo.

7  **On the Sixth Claim for Relief:**

8        1.    For a judicial declaration in favor of the City that:

9        (a)    The City is the rightful owner of the names "THE CROSSINGS AT

10   CARLSBAD" and "TCAC" and the Logo;

11       (b)    The City is entitled to register the names "THE CROSSINGS AT

12   CARLSBAD" and/or "TCAC" and/or the Logo before the USPTO or any other

13   organization or governmental entity that registers trademarks and/or trade names;

14       (c)    That Defendant is not entitled to register the names "THE CROSSINGS

15   AT CARLSBAD" or "TCAC" or the Logo before the USPTO or any other organization

16   or governmental entity that registers trademarks and/or trade names; and

17       (d)    Declaring that Defendant's conduct as alleged herein regarding the marks

18   "THE CROSSINGS AT CARLSBAD" and "TCAC" and the Logo constitutes fraud on

19   the USPTO and unfair competition; and

20       2.    That the City be awarded attorneys' fees and costs.

21 **On All Claims for Relief**

22       1.    For costs of suit incurred herein; and

23       2.    For such further relief as the Court deems appropriate under the circumstances.

-22-

COMPLAINT

115010/000002/798403.08

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby demand a trial by jury in this matter.

3

4    DATED:  July 7, 2008                    PROCOPIO CORY HARGREAVES
                                                    & SAVITCH LLP
5

6                                             By: _____
                                                  Jacob C. Reinbolt
7                                                 Paul A. Tyrell
                                                  Attorneys for Plaintiffs,
8                                                 THE CITY OF CARLSBAD and
                                                  CARLSBAD PUBLIC FINANCING
9                                                 AUTHORITY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-

COMPLAINT

**EXHIBIT 1**



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-629-303**

**Effective date of registration:**

**March 31, 2008**

## Title

**Title of Work:** The Crossings at Carlsbad

**Nature of Work:** Drawing.

## Completion/Publication

**Year of Completion:** 2007

**Date of 1st Publication:** March 1, 2007          **Nation of 1st Publication:** United States

## Author

**Author:** Anonymous

**Author Created:** 2-Dimensional artwork

**Work made for hire:** No

**Domiciled in:** United States

**Anonymous:** Yes          **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** City of Carlsbad

1200 Carlsbad Village Drive, Carlsbad, CA, 92008-1989

**Transfer Statement:** By assignment

## Limitation of copyright claim

**Previously registered:.** No

## Certification

**Name:** Jim Elliott

**Date:** March 20, 2008

**Correspondence:** Yes

Page 1 of 1

**EXHIBIT 3**





# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of Application Serial Nos.: (1) 77/054,111: THE CROSSINGS AT CARLSBAD; (2) 77/054,126: TCAC; and (3) 77/061,706: TCAC.

Published in the Official Gazette of July 10, 2007 (THE CROSSINGS AT CARLSBAD) and June 26, 2007 (TCAC, TCAC).

| | |
|---|---|
| CITY OF CARLSBAD, | ) Opposition No. 91179114 |
| | ) |
| Opposer, | ) |
| | ) |
| vs. | ) |
| | ) |
| PRINCE REZA SHAH, | ) |
| | ) |
| Applicant. | ) |
| | ) |

## NOTICE OF OPPOSITION

The City of Carlsbad, a California Municipal Corporation, with an address of 1200 Carlsbad Village Drive, Carlsbad, California 92008 ("Opposer"), by their attorneys, hereby opposes registration of the marks THE CROSSINGS AT CARLSBAD and TCAC, filed by Prince Reza Shah ("Applicant"), which marks are the subject of: (1) application Serial No. 77/054,111, published July 10, 2007 (THE CROSSINGS AT CARLSBAD); (2) application Serial No. 77/054,126, published June 26, 2007 (TCAC); and (3) application Serial No. 77/061,706, published June 26, 2007 (TCAC), and requests that registration of these applications be refused. The time for filing Oppositions has been extended to August 25, 2007, for Serial

Nos. 77/054,126 and 77/061,706, and to September 8, 2007 for Serial No. 77/054,111, by

motions for extensions of time granted by the Trademark Trial and Appeal Board.

The above-identified Opposer believes that it will be damaged by registration of the

marks shown in the above-identified applications, and hereby opposes the same.

As grounds in support of its opposition, Opposer asserts as follows:

1.      On November 30, 2006, Applicant filed an Intent to Use trademark application to

register the mark THE CROSSINGS AT CARLSBAD in International Class 25, for: clothing,

namely, men's and women's golf caps and golf shirts.

2.      On November 30, 2006, Applicant filed a second Intent to Use trademark

application to register the mark TCAC, in International Class 25, for: clothing, namely, men's

and women's golf caps and golf shirts.

3.      On December 11, 2006, Applicant filed a third Intent to Use trademark

application to register the mark TCAC, in International Class 28, for: golf balls.

4.      Applicant has also filed two additional applications for THE CROSSINGS AT

CARLSBAD, application Serial Nos. 77/202,046 and 77/203,754 for: Golf courses (Class 41),

and for: Golf balls; Golf clubs; Golf tees (Class 28), respectively. These applications have not

yet published and are therefore not the subject of this proceeding. Upon publication, however,

Opposer will oppose those additional applications.

5.      On information and belief, Opposer avers that approximately seventeen (17) years

ago, Applicant, the City of Carlsbad, began planning a municipal golf course to be located within

the City of Carlsbad. The golf course, which ultimately cost Applicant over $68 million to plan,

develop and build, opened in August 2007.

6.     On information and belief, Opposer avers that on or about October 18, 2006, approximately ten (10) months before Opposer's THE CROSSINGS AT CARLSBAD golf course opened, the City of Carlsbad unveiled the name for Opposer's course, which name was chosen from approximately seven hundred (700) suggestions received from the public. That name, THE CROSSINGS AT CARLSBAD, was initially published in at least the local newspaper and on the Internet, on that same date.

7.     On information and belief, Opposer avers that from the date of first publication of the name THE CROSSINGS AT CARLSBAD in the press, at least as early as October 18, 2006, and continuing to the present date, Opposer has devoted significant efforts, including substantial time and resources, to promote the name of its golf course and the name for the related goods and services to be offered under that mark and, in addition, its acronym "TCAC." When the name for its golf course was first chosen, Opposer intended to protect this mark and its acronym by federal trademark registrations.

8.     As described in paragraph number 1 above, on November 30, 2006, soon after the name for the new City of Carlsbad municipal golf course (i.e., THE CROSSINGS AT CARLSBAD), and for the associated goods and services, was published in the press, Applicant, Prince Reza Shah filed an Intent to Use application for the same mark, THE CROSSINGS AT CARLSBAD, in Class 25 for: clothing, namely men's and women's golf caps and golf shirts, application Serial No. 77/054,111. That application is the subject of this Opposition.

9.     As described in paragraph number 2 above, also on November 30, 2006, Applicant filed another Intent to Use application for TCAC (the acronym for THE CROSSINGS AT CARLSBAD), in Class 25, for: clothing, namely men's and women's golf caps and golf shirts, application Serial No. 77/054,126. That application is also the subject of this Opposition.

- 3 -

115010.000002/731604.02

10.    As described in paragraph number 3 above, on December 11, 2006, Applicant filed a third Intent to Use application for TCAC, in Class 28, for: golf balls, application Serial No. 77/061,706. That third application is also the subject of this Opposition.

11.    On July 20, 2007, Opposer filed an Intent to Use Application for TCAC, in Class 25, for: Golf caps; Golf cleats; Golf shirts; Golf shoes; Golf spikes; Golf trousers; Belts; Caps; Jerseys; Ties; Tops; Sweat bands; Sweat pants; Sweat shirts; Sweat suits; Athletic shoes; Vests; Socks; Jackets; Rain jackets; Waterproof jackets and pants; Wind resistant jackets; Visors; Skirts and dresses; Pants; Dress shirts; Knit shirts; Polo shirts; Shirts; Sport shirts, application Serial No. 77/230,889.

12.    On July 20, 2007, Opposer filed an Intent to Use Application for THE CROSSINGS AT CARLSBAD, in Class 25, for: Golf caps; Golf cleats; Golf shirts; Golf shoes; Golf spikes; Golf trousers; Belts; Caps; Jerseys; Ties; Tops; Sweat bands; Sweat pants; Sweat shirts; Sweat suits; Athletic shoes; Vests; Socks; Jackets; Rain jackets; Waterproof jackets and pants; Wind resistant jackets; Visors; Skirts and dresses; Pants; Dress shirts; Knit shirts; Polo shirts; Shirts; Sports shirts, application Serial No. 77/230,864.

13.    On July 25, 2007, Opposer filed an Intent to Use Application for THE CROSSINGS AT CARLSBAD, in Class 28, for: Divot repair tools; Fitted covers for non-motorized golf carts; Fitted head covers for golf clubs; Golf accessory pouches; Golf bag covers; Golf bag pegs; Golf bag tags; Golf bags; Golf ball markers; Golf ball retrievers; Golf ball sleeves; Golf balls; Golf club bags; Golf club covers; Golf club grips; Golf club heads; Golf club inserts; Golf club shafts; Golf club swing aids, namely golf club balancing scales and scale parts thereof, to analyze, fit and/or make golf clubs; Golf clubs; Golf flags; Golf gloves; Golf irons; Golf putter covers; Golf putters; Golf tee markers; Golf tees; Golf towel clips for attachment to

- 4 -

golf bags; Golf training equipment, namely, a golf training cage; Grip tapes for golf clubs; Hand

grips for golf clubs; Head covers for golf clubs; Non-motorized golf carts; Putting practice mats,

application Serial No. 77/240,017.

14.    On July 30, 2007, Opposer filed an Intent to Use Application for THE

CROSSINGS AT CARLSBAD, in Class 41, for: Entertainment in the nature of golf

tournaments; Fitting of golf clubs to individual users; Golf caddie services; Golf club services;

Golf courses; Golf driving range services; Golf instruction; Providing a website through which

golfers reserve tee times at golf courses; Providing golf facilities; Rental of golf equipment,

application Serial No. 77/238,790.

15.    On July 24, 2007, Opposer filed an Intent to Use Application for TCAC, in Class

28, for: Covers for golf clubs; Divot repair tools; Fitted covers for non-motorized golf carts;

Fitted head covers for golf clubs; Golf accessory pouches; Golf bag covers; Golf bag pegs; Golf

bag tags; Golf bags; Golf ball markers; Golf ball retrievers; Golf ball sleeves; Golf balls; Golf

club bags; Golf club covers; Golf club grips; Golf club heads; Golf club inserts; Golf club shafts;

Golf club swing aids, namely golf club balancing scales and scale parts thereof, to analyze, fit

and/or make golf clubs; Golf clubs; Golf flags; Golf gloves; Golf irons; Golf putter covers; Golf

putters; Golf tee markers; Golf tees; Golf towel clips for attachment to golf bags; Golf training

equipment, namely, a golf training cage; Grip tapes for golf clubs; Hand grips for golf clubs;

Head covers for golf clubs; Non-motorized golf carts; Putting practice mats, application Serial

No. 77/235,270.

16.    Based upon Opposer's prior use and publication of its marks, THE CROSSINGS

AT CARLSBAD and TCAC, Opposer's rights in these marks are superior to the rights, if any, of

Applicant.

- 5 -

115010.000002/731604.02

17.     Upon information and belief, Opposer avers that Applicant, who resides in or has an office in the City of Carlsbad, learned of the intended name for the Carlsbad municipal golf course and proceeded to file his Intent to Use applications for THE CROSSINGS AT CARLSBAD and for TCAC, with no legitimate basis for doing so, in bad faith, with an intent to deceive, fraudulently, and with no bona fide intention to use these marks in commerce for the goods and services listed in these applications.

18.     On information and belief, Opposer avers that Applicant's proposed marks are deceptive in that they will trade on Opposer's rights.  Given the substantial amount of press coverage that Opposer's new golf course (and the golf course's name "THE CROSSINGS AT CARLSBAD") have already received, the public will be deceived by the registration of Applicant's applications that are the subject of this Opposition.

19.     On information and belief, Opposer avers that Opposer's use of the marks THE CROSSINGS AT CARLSBAD and TCAC have created an association with Opposer and its goods and services.  Opposer's use has already resulted in the development of a trade identity, i.e., an open and public use of such nature and extent as to create, in the mind of the relevant purchasing public, an association of the designation with a single, and very public, source for the goods and services.  Opposer's use of the identical marks sought to be registered by Applicant will therefore create a likelihood of confusion.

20.     On information and belief, Opposer avers that Applicant ordered bank checks for entities with the names "The Crossings at Carlsbad" and "The Crossings at Carlsbad Golf Course."  Certain of these checks were mistakenly delivered by the United States Postal Service to the Opposer's golf course despite another address appearing on the mailing label.  Such

- 6 -

fundamental actual confusion presages the confusion that will result if Applicant's pending applications are not rejected.

21.    On information and belief, Opposer avers that Applicant: (i) knew of Opposer's use of the identical marks for which he seeks registration as a result of the publicity in the press surrounding Opposer's golf course's name selection and usage; (ii) Opposer's rights in the marks are superior to Applicant's rights; (iii) Applicant knew this to be the case and knew that confusion was likely; and (iv) by failing to disclose the foregoing items (i) through (iii) to the PTO Applicant intended to obtain registrations to which he is not entitled.

22.    Applicant also secured Internet domain addresses for www.thecrossingatcarlsbad.com, www.thecrossingatcarlsbad.mobi, www.thecrossingatcarlsbad.net, www.thecrossingsatcarlsbadinc.mobi, www.thecarlsbadgolfcenter.mobi, www.golfthecrossingatcarlsbad.com, www.golfthecrossingatcarlsbad.mobi, www.golfthecrossingatcarlsbad.net, www.golfthecrossingsatcarlsbad.com, www.golfthecrossingsatcarlsbad.mobi, www.golfthecrossingsatcarlsbad.net, www.carlsbadgolf.mobi, www.carlsbadgolfcenter.mobi, www.carlsbadchamber.mobi, www.carlsbad.mobi, www.tcac.mobi, www.tcacgolf.com, www.tcacgolf.mobi, and www.tcacgolf.net.  Upon information and belief Opposer avers that these domain addresses are for sale and are listed on Applicant's website.

23.    Opposer expects that its applications for THE CROSSINGS AT CARLSBAD and TCAC will be rejected in view of Applicant's applications for the same marks.  Were such rejections to occur Opposer would be significantly damaged if Applicant's applications proceed to registration.

- 7 -

WHEREFORE, Opposer prays that the Opposition be sustained and that the registration

of the applications that are the subject of this proceeding be refused.

Dated: August 24, 2007                    Respectfully submitted,

                                          Procopio, Cory, Hargreaves & Savitch LLP,
                                           Attorneys for Applicant

                                          By: _____
                                            Jacob C. Reinbolt

Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA 92101-4469
(619) 238-1900
(619) 235-0398
Email: docketing@procopio.com

- 8 -

**EXHIBIT 5**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of Application Serial Nos.: (1) 77/203,754: THE CROSSINGS AT CARLSBAD, and 77/202,046: THE CROSSINGS AT CARLSBAD.

Published in the Official Gazette of December 18, 2007

| | |
|---|---|
| CITY OF CARLSBAD, | ) Opposition No. 91181769 |
| | ) |
| Opposer, | ) |
| | ) |
| vs. | ) |
| | ) |
| PRINCE REZA SHAH, | ) |
| | ) |
| Applicant. | ) |
| | ) |

**NOTICE OF OPPOSITION**

The City of Carlsbad, a California Municipal Corporation, with an address of 1200 Carlsbad Village Drive, Carlsbad, California 92008 ("Opposer"), by its attorneys, hereby opposes registration of the mark THE CROSSINGS AT CARLSBAD, filed by Prince Reza Shah ("Applicant"), which mark is the subject of: (1) application Serial No. 77/203,754, published December 18, 2007 (Class 28); and (2) application Serial No. 77/202,046, published December 18, 2007 (Class 41), and requests that registration of these applications be refused.

The above-identified Opposer believes that it will be damaged by registration of the marks shown in the above-identified applications, and hereby opposes the same.

As grounds in support of its opposition, Opposer asserts as follows:

1.       Applicant filed two applications for THE CROSSINGS AT CARLSBAD,
application Serial No. 77/202,046, filed on June 8, 2007, for: Golf courses (Class 41), and
application Serial No. 77/203,754, filed on June 12, 2007, for: Golf balls; Golf clubs; Golf tees
(Class 28).

2.       On information and belief, Opposer avers that approximately seventeen (17) years
ago, Opposer (the City of Carlsbad), began planning a municipal golf course to be located within
the City of Carlsbad.  The golf course, which ultimately cost Applicant over $68 million to plan,
develop and build, opened in August 2007.

3.       On information and belief, Opposer avers that on or about October 18, 2006,
approximately ten (10) months before Opposer's THE CROSSINGS AT CARLSBAD golf
course opened, the City of Carlsbad unveiled the name for Opposer's course, which name was
chosen from approximately seven hundred (700) suggestions received from the public.  That
name, THE CROSSINGS AT CARLSBAD, was initially published in at least the local
newspaper and on the Internet, on that same date.

4.       On information and belief, Opposer avers that from the date of first publication of
the name THE CROSSINGS AT CARLSBAD in the press, at least as early as October 18, 2006,
and continuing to the present date, Opposer has devoted significant efforts, including substantial
time and resources, to promote the name of its golf course and the name for the related goods
and services to be offered under that mark.

5.       As described in paragraph numbers 1-4 above, on June 8, 2007 and June 12, 2007,
after the name for the new City of Carlsbad municipal golf course (i.e., THE CROSSINGS AT
CARLSBAD), and for the associated goods and services, was published in the press, Applicant,

- 2 -

Prince Reza Shah filed Intent to Use applications for the same mark, THE CROSSINGS AT

CARLSBAD, in Class 41 and 28.  These applications are the subject of this Opposition.

6.      On July 20, 2007, Opposer filed an Intent to Use Application for THE

CROSSINGS AT CARLSBAD, in Class 25, for: Golf caps; Golf cleats; Golf shirts; Golf shoes;

Golf spikes; Golf trousers; Belts; Caps; Jerseys; Ties; Tops; Sweat bands; Sweat pants; Sweat

shirts; Sweat suits; Athletic shoes; Vests; Socks; Jackets; Rain jackets; Waterproof jackets and

pants; Wind resistant jackets; Visors; Skirts and dresses; Pants; Dress shirts; Knit shirts; Polo

shirts; Shirts; Sports shirts, application Serial No. 77/230,864.

7.      On July 25, 2007, Opposer filed an Intent to Use Application for THE

CROSSINGS AT CARLSBAD, in Class 28, for: Divot repair tools; Fitted covers for non-

motorized golf carts; Fitted head covers for golf clubs; Golf accessory pouches; Golf bag covers;

Golf bag pegs; Golf bag tags; Golf bags; Golf ball markers; Golf ball retrievers; Golf ball

sleeves; Golf balls; Golf club bags; Golf club covers; Golf club grips; Golf club heads; Golf club

inserts; Golf club shafts; Golf club swing aids, namely golf club balancing scales and scale parts

thereof, to analyze, fit and/or make golf clubs; Golf clubs; Golf flags; Golf gloves; Golf irons;

Golf putter covers; Golf putters; Golf tee markers; Golf tees; Golf towel clips for attachment to

golf bags; Golf training equipment, namely, a golf training cage; Grip tapes for golf clubs; Hand

grips for golf clubs; Head covers for golf clubs; Non-motorized golf carts; Putting practice mats,

application Serial No. 77/240,017.

8.      On July 30, 2007, Opposer filed an Intent to Use Application for THE

CROSSINGS AT CARLSBAD, in Class 41, for: Entertainment in the nature of golf

tournaments; Fitting of golf clubs to individual users; Golf caddie services; Golf club services;

Golf courses; Golf driving range services; Golf instruction; Providing a website through which

- 3 -

golfers reserve tee times at golf courses; Providing golf facilities; Rental of golf equipment, application Serial No. 77/238,790.

9.      Based upon Opposer's prior use and publication of its mark, THE CROSSINGS AT CARLSBAD, Opposer's rights in this mark are superior to the rights, if any, of Applicant.

10.     Upon information and belief, Opposer avers that Applicant, who resides in or has an office in the City of Carlsbad, learned of the intended name for the Carlsbad municipal golf course and proceeded to file his Intent to Use applications for THE CROSSINGS AT CARLSBAD, with no legitimate basis for doing so, in bad faith, with an intent to deceive, fraudulently, and with no bona fide intention to use these marks in commerce for the goods and services listed in these applications.

11.     On information and belief, Opposer avers that Applicant's proposed marks are deceptive in that they will trade on Opposer's rights. Given the substantial amount of press coverage that Opposer's new golf course (and the golf course's name "THE CROSSINGS AT CARLSBAD") have already received, the public will be deceived by the registration of Applicant's applications that are the subject of this Opposition.

·12.    On information and belief, Opposer avers that Opposer's use of the marks THE CROSSINGS AT CARLSBAD have created an association with Opposer and its goods and services. Opposer's use has already resulted in the development of a trade identity, i.e., an open and public use of such nature and extent as to create, in the mind of the relevant purchasing public, an association of the designation with a single, and very public, source for the goods and services. Opposer's use of the identical marks sought to be registered by Applicant will therefore create a likelihood of confusion.

- 4 -

13.    On information and belief, Opposer avers that Applicant ordered bank checks for entities with the names "The Crossings at Carlsbad" and "The Crossings at Carlsbad Golf Course." Certain of these checks were mistakenly delivered by the United States Postal Service to the Opposer's golf course despite another address appearing on the mailing label. Such fundamental actual confusion presages the confusion that will result if Applicant's pending applications are not rejected.

14.    On information and belief, Opposer avers that: (i) Applicant knew of Opposer's use of the identical mark for which he seeks registration as a result of the publicity in the press surrounding Opposer's golf course's name selection and usage; (ii) Opposer's rights in the marks are superior to Applicant's rights; (iii) Applicant knew this to be the case and knew that confusion was likely; and (iv) by failing to disclose the foregoing items (i) through (iii) to the PTO, Applicant intended to obtain registrations to which he is not entitled.

15.    On information and belief, Opposer avers that Applicant also secured Internet domain addresses for www.thecrossingatcarlsbad.com, www.thecrossingatcarlsbad.mobi, www.thecrossingatcarlsbad.net, www.thecrossingsatcarlsbadinc.mobi, www.thecarlsbadgolfcenter.mobi, www.golfthecrossingatcarlsbad.com, www.golfthecrossingatcarlsbad.mobi, www.golfthecrossingatcarlsbad.net, www.golfthecrossingsatcarlsbad.com, www.golfthecrossingsatcarlsbad.mobi, www.golfthecrossingsatcarlsbad.net, www.carlsbadgolf.mobi, www.carlsbadgolfcenter.mobi, www.carlsbadchamber.mobi, www.carlsbad.mobi, www.tcac.mobi, www.tcacgolf.com, www.tcacgolf.mobi, and www.tcacgolf.net. Upon information and belief Opposer avers that these domain addresses are for sale and have been listed on Applicant's website.

- 5 -



16.    Opposer expects that its applications for THE CROSSINGS AT CARLSBAD will

be rejected in view of Applicant's applications for the same mark.  Were such rejections to occur

and if Applicant's applications were to proceed to registration, Opposer would be significantly

damaged.

WHEREFORE, Opposer prays that the Opposition be sustained and that the registration

of the applications that are the subject of this proceeding be refused.

Dated: January *8*, 2008                    Respectfully submitted,

                                            Procopio, Cory, Hargreaves & Savitch LLP,
                                              Attorneys for Applicant

                                            By: _____

                                              Jacob C. Reinbolt

Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA 92101-4469
(619) 238-1900
(619) 235-0398
Email: docketing@procopio.com

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the foregoing **NOTICE OF**

**OPPOSITION** is being mailed on January 8, 2008 by First Class Mail to Applicant as follows:

Prince Reza Shah
P.O. Box 2471
Carlsbad, CA 92018

Dated:  January 8, 2008        By: _____
                                        Geena L. Jackson

- 7 -

**EXHIBIT 6**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
TRADEMARK TRIAL AND APPEAL BOARD

CITY OF CARLSBAD,           )
                            )
     Opposer,          )
                            )
       v.             )
                            )    Opposition No. 91179114
PRINCE REZA SHAH,       )
                            )
     Applicant.      )

## APPLICANT'S ANSWER TO THE NOTICE OF OPPOSITION

In response to the Notice of Opposition issued by the Board on August 23, 2007, the applicant, Prince Reza Shah, answers the opposition identified above as follows:

1.   The averments of paragraph 1 of the Notice are admitted.

2.   The averments of paragraph 2 of the Notice are admitted.

3.   The averments of paragraph 2 of the Notice are admitted.

4.   In response to the averments of paragraph 4 of the Notice, Applicant admits the averment that he has filed additional applications. Applicant is without knowledge or information sufficient to form a belief as to the truth of remaining averments set forth therein, and based thereon denies each and every such remaining averment.

5.    In response to the averments of paragraph 5 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

6.    In response to the averments of paragraph 6 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

7.    In response to the averments of paragraph 7 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

8.    In response to the averments of paragraph 8 of the Notice, Applicant admits the averment that he has filed applications for the mark THE CROSSINGS AT CARSLBAD. Applicant is without knowledge or information sufficient to form a belief as to the truth of remaining averments set forth therein, and based thereon denies each and every such remaining averment.

9.    The averments of paragraph 9 of the Notice are admitted.

10.    The averments of paragraph 10 of the Notice are admitted.

2

11.   In response to the averments of paragraph 11 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

12.   In response to the averments of paragraph 12 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

13.   In response to the averments of paragraph 13 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

14.   In response to the averments of paragraph 14 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

15.   In response to the averments of paragraph 15 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

16.   The averments of paragraph 16 of the Notice are denied.

17.   The averments of paragraph 17 of the Notice are denied.

18.   The averments of paragraph 18 of the Notice are denied.

19. In response to the averments of paragraph 19 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

20. In response to the averments of paragraph 20 of the Notice, Applicant admits ordering bank checks as averred. As to the remaining averments of paragraph 20, applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

21. The averments of paragraph 21 of the Notice are denied.

22. The averments of paragraph 22 are admitted.

23. In response to the averments of paragraph 23 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

FIRST AFFIRMATIVE DEFENSE

1. As a first affirmative defense to the Notice, Applicant avers on information and belief that Opposer did not make a trademark use of the mark THE CROSSINGS AT CARSLBAD before Applicant filed his first application for said mark, and that accordingly Opposer does not have standing to oppose Applicant's applications for said mark.

4

2.    As a second affirmative defense to the Notice,
Applicant avers on information and belief that Opposer did not
make a trademark use of the mark TCAC before Applicant filed
his first application for said mark, and that accordingly
Opposer does not have standing to oppose Applicant's
applications for said mark.


                          Respectfully submitted,


                          _____
                          James E. Clevenger
                          1334 Scenic Drive
                          Escondido, California 92029
                          (760) 489-5043

                          Attorney for Applicant


                              5

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA166063**

Filing date: **10/02/2007**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91179114 |
| Party | Defendant<br>Shah, Prince Reza |
| Correspondence<br>Address | JAMES E. CLEVENGER<br>1334 SCENIC DR<br>ESCONDIDO, CA 92029-3106<br><br>trademarks@cox.net |
| Submission | Answer |
| Filer's Name | James E. Clevenger |
| Filer's e-mail | trademarks@cox.net |
| Signature | /jameseclevenger/ |
| Date | 10/02/2007 |
| Attachments | shah answer to opposition.pdf ( 5 pages )(10659 bytes ) |

**COPY**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### TRADEMARK TRIAL AND APPEAL BOARD

CITY OF CARLSBAD,                    )
                                     )
    Opposer,                     )
                                     )
        v.                   )
                                     )      Opposition No. 91181769
PRINCE REZA SHAH,                    )
                                     )
    Applicant.                   )

## APPLICANT'S ANSWER TO THE NOTICE OF OPPOSITION

In response to the Notice of Opposition issued by the Board on January 8, 2008, the applicant, Prince Reza Shah, answers the opposition identified above as follows:

1.    The averments of paragraph 1 of the Notice are admitted.

2.    In response to the averments of paragraph 2 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

3.    In response to the averments of paragraph 3 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

4.    In response to the averments of paragraph 4 of the Notice, Applicant is without knowledge or information sufficient

to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

5.    In response to the averments of paragraph 5 of the Notice, Applicant admits the averment that he has filed Intent to Use applications for the mark THE CROSSINGS AT CARLSBAD. Applicant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth therein, and based thereon denies each and every such remaining averment.

6.    In response to the averments of paragraph 6 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

7.    In response to the averments of paragraph 7 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

8.    In response to the averments of paragraph 8 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

9.    The averments of paragraph 9 of the Notice are denied.

10.    The averments of paragraph 10 of the Notice are denied.

2

11.  In response to the averments of paragraph 11 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

12.  In response to the averments of paragraph 12 of the Notice, Applicant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

13.  In response to the averments of paragraph 13 of the Notice, Applicant admits that he ordered bank checks for entities with the names "The Crossings at Carlsbad" and "The Crossings at Carlsbad Golf Course." Applicant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth therein, and based thereon denies each and every such remaining averment.

14.  The averments of paragraph 14 of the Notice are denied.

15.  The averments of paragraph 15 of the Notice are admitted, except that Applicant denies that he has offered for sale the Internet domain addresses identified in said paragraph 15.

16.  In response to the averments of paragraph 16 of the Notice, Applicant is without knowledge or information sufficient

3

to form a belief as to the truth of the averments set forth therein, and based thereon denies each and every such averment.

### FIRST AFFIRMATIVE DEFENSE

1.  As a first affirmative defense to the Notice, Applicant avers on information and belief that Opposer did not make a trademark or service mark use of the mark THE CROSSINGS AT CARSLBAD for any goods or services before Applicant filed his first application for said mark, and that accordingly Opposer does not have standing to oppose Applicant's applications for said mark.

Dated: February 15, 2008        Respectfully submitted,

James E. Clevenger
1334 Scenic Drive
Escondido, California 92029
(760) 489-5043

Attorney for Applicant

4

## CERTIFICATE OF SERVICE

The person whose name appears below confirms that the attached document, APPLICANT'S ANSWER TO THE NOTICE OF OPPOSITION, has been served upon the other parties by transmitting a copy of the document by first-class mail to the person(s) served, as set forth below, which mailing was made on February 15, 2008.

Jacob C. Reinbolt, Esq.
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, CA92010-4469

I declare that I am a member of the State Bar of California.

Executed on February 15, 2008, at Escondido, California

James E.Clevenger
Attorney for Applicant

**EXHIBIT 8**

| To: | City of Carlsbad (docketing@procopio.com) |
| Subject: | TRADEMARK APPLICATION NO. 77230889 - TCAC - 115010-01 |
| Sent: | 10/18/2007 4:42:25 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     77/230889

**MARK:** TCAC

**\*77230889\***

**CORRESPONDENT ADDRESS:**
    JACOB C. REINBOLT
    PROCOPIO, CORY, HARGEAVES, & SAVITCH,
LL
    530 B ST STE 2100
    SAN DIEGO, CA 92101-4496

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT:**     City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET**
NO:
    115010-01

**CORRESPONDENT E-MAIL ADDRESS**:
    docketing@procopio.com

### NOTICE OF SUSPENSION

**ISSUE/MAILING DATE: 10/18/2007**

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. 37.C.F.R.§2.67. The Office will conduct periodic status checks to determine if suspension remains appropriate.

The examining attorney has searched the Office records and has found no similar registered mark that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.



Action on this application is suspended pending the disposition of:

  - Application Serial No(s). **77061706 and 77054126**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

### Notice -- TEAS Plus Guidelines

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).


/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)


**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 18, 2007**                          **77054126**

**DESIGN MARK**

**Serial Number**
77054126

**Status**
OPPOSITION PENDING

**Word Mark**
TCAC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 025. US 022 039. G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# TCAC

**Print: Oct 18, 2007**                              **77061706**

**DESIGN MARK**

**Serial Number**
77061706

**Status**
OPPOSITION PENDING

**Word Mark**
TCAC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls.

**Filing Date**
2006/12/11

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# TCAC

| To: | City of Carlsbad (docketing@procopio.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 77235270 - TCAC - 115010-00 |
| Sent: | 10/18/2007 4:41:14 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/235270

**MARK**: TCAC

# *77235270*

**CORRESPONDENT ADDRESS:**
JACOB C. REINBOLT
PROCOPIO, CORY, HARGEAVES & SAVITCH,
LLP
530 B ST STE 2100
SAN DIEGO, CA 92101-4496

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT:**    City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
115010-00
**CORRESPONDENT E-MAIL ADDRESS:**
docketing@procopio.com

## NOTICE OF SUSPENSION

**ISSUE/MAILING DATE: 10/18/2007**

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. 37.C.F.R.§2.67. The Office will conduct periodic status checks to determine if suspension remains appropriate.

The examining attorney has searched the Office records and has found no similar registered mark that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

)



Action on this application is suspended pending the disposition of:

- Application Serial No(s). **77061706 and 77054126**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

## Notice -- TEAS Plus Guidelines

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 18, 2007**                                77054126

**DESIGN MARK**

**Serial Number**
77054126

**Status**
OPPOSITION PENDING

**Word Mark**
TCAC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# TCAC

Print: Oct 18, 2007                     77061706

**DESIGN MARK**

**Serial Number**
77061706

**Status**
OPPOSITION PENDING

**Word Mark**
TCAC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls.

**Filing Date**
2006/12/11

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# TCAC

| To: | City of Carlsbad (docketing@procopio.com) |
| Subject: | TRADEMARK APPLICATION NO. 77326199 - TCAC - 115010-00 |
| Sent: | 2/25/2008 10:16:18 PM |
| Sent As: | ECOM110@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     77/326199

**MARK:** TCAC

# *77326199*

**CORRESPONDENT ADDRESS:**
JACOB C. REINBOLT
PROCOPIO, CORY, HARGEAVES & SAVITCH, LLP
530 B ST STE 2100
SAN DIEGO, CA 92101-4496

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT:**     City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
115010-00

**CORRESPONDENT E-MAIL ADDRESS:**
docketing@procopio.com

## NOTICE OF SUSPENSION

**ISSUE/MAILING DATE: 2/25/2008**

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. However, if you wish to respond to this notice, you should use the "Response to Letter of Suspension" form found at http://teasroa.uspto.gov/rsi/rsi. The Office will conduct periodic status checks to determine if suspension remains appropriate.

The examining attorney has searched the Office records and has found no similar registered mark that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.



Action on this application is suspended pending the disposition of:

- Application Serial No(s). **77/061706**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

Giancarlo Castro

/Giancarlo Castro/

Trademark Attorney

Law Office 110

571-272-9357

giancarlo.castro@uspto.gov

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Feb 25, 2008**                         **77061706**

**DESIGN MARK**

**Serial Number**
77061706

**Status**
OPPOSITION PENDING

**Word Mark**
TCAC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.   IC 028.   US 022 023 038 050.   G & S: Golf
balls.

**Filing Date**
2006/12/11

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

-1-

# TCAC

**Print: Feb 25, 2008**                    **77061706**

**DESIGN MARK**

**Serial Number**
77061706

**Status**
OPPOSITION PENDING

**Word Mark**
TCAC

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls.

**Filing Date**
2006/12/11

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

-1-

# TCAC



| | |
|---|---|
| **To:** | City of Carlsbad (docketing@procopio.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77230864 - THE CROSSINGS AT CAR - 115010-01 |
| **Sent:** | 10/22/2007 12:45:59 PM |
| **Sent As:** | ECOM101@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:       77/230864

**MARK**: THE CROSSINGS AT CAR

# *77230864*

**CORRESPONDENT ADDRESS**:
    JACOB C. REINBOLT
    PROCOPIO, CORY, HARGEAVES & SAVITCH,
LLP
    530 B ST STE 2100
    SAN DIEGO, CA 92101-4496

**RESPOND TO THIS ACTION:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

    **APPLICANT**:       City of Carlsbad

    **CORRESPONDENT'S REFERENCE/DOCKET
NO**:
      115010-01
    **CORRESPONDENT E-MAIL ADDRESS**:
      docketing@procopio.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION
WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.



**ISSUE/MAILING DATE: 10/22/2007**

The assigned examining attorney has reviewed the referenced application and determined the following.

## Search for Conflicting Marks

The examining attorney has searched the Office records and has found no similar registered mark which bars registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02. Please note that the examining attorney has found potentially conflicting pending applications.

## Prior Pending Applications

Information regarding pending Application Serial Nos. 77054111, 77203754 and 77202046 is enclosed. The filing dates of the referenced applications precede applicant's filing date. There may be a likelihood of confusion under Trademark Act Section 2(d) between applicant's mark and the referenced marks. If one or more of the referenced applications registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq*. Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed applications.

If applicant believes that there is no potential conflict between this application and the earlier-filed applications, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

## Disclaimer

The applicant must disclaim the geographically descriptive wording **"CARLSBAD"** apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). The wording is primarily geographically descriptive because the primary significance of the term CARLSBAD is geographic (see attached), the applicant is located there and thus a goods/place association is presumed. TMEP §1210.01(a).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP §1213.08(a)(i). A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use **"CARLSBAD"** apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

## Notice -- TEAS Plus Guidelines

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to

allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis.  If any of these documents are filed on paper, they must be accompanied by a $50 per class fee.  37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i).  Telephone responses will not incur an additional fee.  NOTE:  In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee.  37 C.F.R. §2.23(a)(2).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney.  A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm.  If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification.  **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 22, 2007**                                    **77054111**

**DESIGN MARK**

**Serial Number**
77054111

**Status**
OPPOSITION PENDING

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CARLSBAD APART FROM THE
MARK AS SHOWN.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

-1-

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                          **77202046**

**DESIGN MARK**

**Serial Number**
77202046

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  100 101 107.  G & S: Golf
courses.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/08

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                          **77203754**

**DESIGN MARK**

**Serial Number**
77203754

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls; Golf clubs; Golf tees.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/12

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

THE CROSSINGS AT CARLSBAD

http://www.bartleby.com/69/42/C02442.html     10/22/2007 12:40:09 PM







Reference > The Columbia Gazetteer of North America

< Carlow Island                                                    Carlsbad >

CONTENTS · ENTRY INDEX · BIBLIOGRAPHIC RECORD

The Columbia Gazetteer of North America.  2000.

**Carlsbad**

**Carlsbad,** city (1990 pop. 63,126), San Diego co., S Calif., suburb 32 mi/51 km NNW of San Diego, and 4 mi/6.4 km SSE of Oceanside, on the Pacific coast; 33°07′N 117°17′W. Carlsbad's

pop. more than tripled from 1970 to 1990. It has electronic and aircraft industries, machine shops, and a crystal silica quarry. Major agr. prods. are tomatoes, fruit, avocados; cattle, dairying; and flowers; the flower fields in bloom are a tourist attraction. Mfg. (computer parts, medical and dental equip., electronic equip., plastic and medicinal prods., machine tools). Mineral springs, 2 lagoons (1 freshwater and 1 tidewater), and many water sports facilities here. La Costa resort spa. Carlsbad and South Carlsbad state beaches. Settled in the 1880s, inc. 1952.

The Columbia Gazetteer of North America. Copyright © 2000 Columbia University Press.

CONTENTS · ENTRY INDEX · BIBLIOGRAPHIC RECORD

‹ Carlow Island                                                                              Carlsbad ›

 

Click here to shop the Bartleby Bookstore.

Welcome · Press · Advertising · Linking · Terms of Use · © 2005 Bartleby.com



http://64.233.169.104/search?q=cache:8_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+%27crossings+at+carlsbad%22&
hl=en&ct=clnk&cd=1&gl=us     10/22/2007 12:41:31 PM

This is G o o g l e's cache of http://www.thecrossingsatcarlsbad.com/ as retrieved on Oct 18, 2007 17:41:15 GMT.

G o o g l e's cache is the snapshot that we took of the page as we crawled the web.

The page may have changed since that time. Click here for the current page without highlighting.

This cached page may reference images which are no longer available. Click here for the cached text only.

To link to or bookmark this page, use the following url: http://www.google.com/search?q=cache:8_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+'crossings+at+carlsbad%
22&hl=en&ct=clnk&cd=1&gl=us

Google is neither affiliated with the authors of this page nor responsible for its content.

These search terms have been highlighted: **crossings carlsbad**



http://64.233.169.104/search?q=cache:B_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+%27crossings+at+carlsbad%22&
hl=en&ct=clnk&cd=1&gl=us     10/22/2007 12:41:31 PM



http://ci.carlsbad.ca.us/        10/22/2007 12:42:25 PM



http://ci.carlsbad.ca.us/          10/22/2007 12:42:25 PM



Maps
Municipal Codes
Subscription Service
Trails
Volunteers
Other Government
Sites
    City, State, and
    Federal Agencies

Upcoming Events

Basketball Day Camp Held Over
Fall School Recess

San Onofre Siren System Test
Scheduled

Fall Festival - November 10

Library Hosts Free Concerts

Carlsbad Sister City Program
Sponsors High School Photo
Competition

Library Hosts Children's Author
Kathleen Duey

Library Hosts Free Buster Keaton
Film Series

Road Construction

Carlsbad Overlay Replacement
Schedule

Street Parking Available During
Senior Center Expansion

Security & Privacy Policy/Linking Policy          ©2007, City of Carlsbad          Contact Us | City of Carlsbad

| | |
|---|---|
| **To:** | City of Carlsbad (docketing@procopio.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77240017 - THE CROSSINGS AT CAR - 115010-00 |
| **Sent:** | 10/22/2007 12:46:48 PM |
| **Sent As:** | ECOM101@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    77/240017

**MARK**: THE CROSSINGS AT CAR

# *77240017*

**CORRESPONDENT ADDRESS**:
    JACOB C. REINBOLT
    PROCOPIO, CORY, HARGEAVES & SAVITCH,
LLP
    530 B ST STE 2100
    SAN DIEGO, CA 92101-4496

**RESPOND TO THIS ACTION:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT**:    City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET**
NO:
    115010-00
**CORRESPONDENT E-MAIL ADDRESS**:
    docketing@procopio.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION
WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 10/22/2007**

The assigned examining attorney has reviewed the referenced application and determined the following.

**Search for Conflicting Marks**

The examining attorney has searched the Office records and has found no similar registered mark which bars registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02. Please note that the examining attorney has found potentially conflicting pending applications.

**Prior Pending Applications**

Information regarding pending Application Serial Nos. 77054111, 77203754 and 77202046 is enclosed. The filing dates of the referenced applications precede applicant's filing date. There may be a likelihood of confusion under Trademark Act Section 2(d) between applicant's mark and the referenced marks. If one or more of the referenced applications registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq*. Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed applications.

If applicant believes that there is no potential conflict between this application and the earlier-filed applications, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

**Disclaimer**

The applicant must disclaim the geographically descriptive wording "**CARLSBAD**" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). The wording is primarily geographically descriptive because the primary significance of the term CARLSBAD is geographic (see attached), the applicant is located there and thus a goods/place association is presumed. TMEP §1210.01(a).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP §1213.08(a)(i). A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use "**CARLSBAD**" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Notice -- TEAS Plus Guidelines**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to

allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 22, 2007**                    **77054111**

**DESIGN MARK**

**Serial Number**
77054111

**Status**
OPPOSITION PENDING

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US 022 039.  G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CARLSBAD APART FROM THE
MARK AS SHOWN.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                    **77202046**

**DESIGN MARK**

**Serial Number**
77202046

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  100 101 107.  G & S: Golf
courses.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/08

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                    **77203754**

**DESIGN MARK**

**Serial Number**
77203754

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls; Golf clubs; Golf tees.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/12

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

http://www.bartleby.com/69/42/C02442.html    10/22/2007 12:40:09 PM







Reference > The Columbia Gazetteer of North America

‹ Carlow Island                                                    Carlsbad ›

CONTENTS · ENTRY INDEX · BIBLIOGRAPHIC RECORD

The Columbia Gazetteer of North America.  2000.

**Carlsbad**

**Carlsbad**, city (1990 pop. 63,126), San Diego co., S Calif., suburb 32 mi/51 km NNW of San
Diego, and 4 mi/6.4 km SSE of Oceanside, on the Pacific coast; 33°07′N 117°17′W. Carlsbad's

pop. more than tripled from 1970 to 1990. It has electronic and aircraft industries, machine shops, and a crystal silica quarry. Major agr. prods. are tomatoes, fruit, avocados; cattle, dairying; and flowers; the flower fields in bloom are a tourist attraction. Mfg. (computer parts, medical and dental equip., electronic equip., plastic and medicinal prods., machine tools). Mineral springs, 2 lagoons (1 freshwater and 1 tidewater), and many water sports facilities here. La Costa resort spa. Carlsbad and South Carlsbad state beaches. Settled in the 1880s, inc. 1952.

The Columbia Gazetteer of North America. Copyright © 2000 Columbia University Press..

CONTENTS · ENTRY INDEX · BIBLIOGRAPHIC RECORD

‹ Carlow Island                                          Carlsbad ›

Google⁻[                    ] [Search]

Click here to shop the Bartleby Bookstore.

Welcome · Press · Advertising · Linking · Terms of Use · © 2006 Bartleby.com





http://64.233.169.104/search?q=cache:8_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+%27crossings+at+carlsbad%22&
hl=en&ct=clnk&cd=1&gl=us    10/22/2007 12:41:31 PM

This is G o o g l e's cache of http://www.thecrossingsatcarlsbad.com/ as retrieved on Oct 18, 2007 17:41:15 GMT.
G o o g l e's cache is the snapshot that we took of the page as we crawled the web.
The page may have changed since that time. Click here for the current page without highlighting.
This cached page may reference images which are no longer available. Click here for the cached text only.
To link to or bookmark this page, use the following url: http://www.google.com/search?q=cache:8_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+'crossings+at+carlsbad%.
22&hl=en&ct=clnk&cd=1&gl=us

Google is neither affiliated with the authors of this page nor responsible for its content.

These search terms have been highlighted: crossings carlsbad



http://64.233.169.104/search?q=cache:8_K7FjA5GzkJ:www.thecrossingsatcarlsbad.com/+%27crossings+at+carlsbad%22&
hl=en&ct=clnk&cd=1&gl=us    10/22/2007 12:41:31 PM



http://ci.carlsbad.ca.us/     10/22/2007 12:42:25 PM





Maps
Municipal Codes
Subscription Service
Trails
Volunteers
Other Government Sites
    City, State, and Federal Agencies

Upcoming Events

Basketball Day Camp Held Over Fall School Recess

San Onofre Siren System Test Scheduled

Fall Festival - November 10

Library Hosts Free Concerts

Carlsbad Sister City Program Sponsors High School Photo Competition

Library Hosts Children's Author Kathleen Duey

Library Hosts Free Buster Keaton Film Series

Road Construction

Carlsbad Overlay Replacement Schedule

Street Parking Available During Senior Center Expansion

Security & Privacy Policy/Linking Policy          ©2007, City of Carlsbad          Contact Us | City of Carlsbad

| To: | City of Carlsbad (docketing@procopio.com) |
| Subject: | TRADEMARK APPLICATION NO. 77238790 - THE CROSSINGS AT CAR - 115010-00 |
| Sent: | 10/22/2007 12:45:10 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**     77/238790

**MARK:** THE CROSSINGS AT CAR

# *77238790*

**CORRESPONDENT ADDRESS:**
JACOB C. REINBOLT
PROCOPIO, CORY, HARGEAVES & SAVITCH, LLP
530 B ST STE 2100
SAN DIEGO, CA 92101-4496

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**     City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
115010-00
**CORRESPONDENT E-MAIL ADDRESS:**
docketing@procopio.com

# OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 10/22/2007**

The assigned examining attorney has reviewed the referenced application and determined the following.

**Search for Conflicting Marks**

The examining attorney has searched the Office records and has found no similar registered mark which bars registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02. Please note that the examining attorney has found potentially conflicting pending applications.

**Prior Pending Applications**

Information regarding pending Application Serial Nos. 77054111, 77203754 and 77202046 is enclosed. The filing dates of the referenced applications precede applicant's filing date. There may be a likelihood of confusion under Trademark Act Section 2(d) between applicant's mark and the referenced marks. If one or more of the referenced applications registers, registration may be refused in this case under Section 2(d). 37 C.F.R. §2.83; TMEP §§1208 *et seq*. Therefore, upon entry of a response to this Office action, action on this case may be suspended pending final disposition of the earlier-filed applications.

If applicant believes that there is no potential conflict between this application and the earlier-filed applications, then applicant may present arguments relevant to the issue in a response to this Office action. The election not to submit arguments at this time in no way limits applicant's right to address this issue at a later point.

**Disclaimer**

The applicant must disclaim the geographically descriptive wording "**CARLSBAD**" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a). The wording is primarily geographically descriptive because the primary significance of the term CARLSBAD is geographic (see attached), the applicant is located there and thus a goods/place association is presumed. TMEP §1210.01(a).

The computerized printing format for the *Trademark Official Gazette* requires a standard form for a disclaimer. TMEP §1213.08(a)(i). A properly worded disclaimer should read as follows:

No claim is made to the exclusive right to use "**CARLSBAD**" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Notice -- TEAS Plus Guidelines**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to



allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis.  If any of these documents are filed on paper, they must be accompanied by a $50 per class fee.  37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i).  Telephone responses will not incur an additional fee.  NOTE:  In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee.  37 C.F.R. §2.23(a)(2).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney.  A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm.  If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification.  **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 22, 2007**                                    **77054111**

**DESIGN MARK**

**Serial Number**
77054111

**Status**
OPPOSITION PENDING

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 025. US 022 039. G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CARLSBAD APART FROM THE
MARK AS SHOWN.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

-1-

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                          **77202046**

**DESIGN MARK**

**Serial Number**
77202046

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  100 101 107.  G & S: Golf
courses.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/08

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

-1-

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                                 **77203754**

**DESIGN MARK**

**Serial Number**
77203754

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls; Golf clubs; Golf tees.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/12

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD



Ads by Google



Radiant Heating

Electric Radiant Heating Fast, Accurate Quotes Available!
WARMZONE.com

Advertise on this site

Reference > The Columbia Gazetteer of North America

‹ Carlow Island                                                      Carlsbad ›

CONTENTS · ENTRY INDEX · BIBLIOGRAPHIC RECORD

The Columbia Gazetteer of North America.  2000.

## Carlsbad

Carlsbad, city (1990 pop. 63,126), San Diego co., S Calif., suburb 32 mi/51 km NNW of San Diego, and 4 mi/6.4 km SSE of Oceanside, on the Pacific coast; 33°07′N 117°17′W. Carlsbad's



PROGRESSIVE DIRECT

Start your search at PROGRESSIVE.COM

pop. more than tripled from 1970 to 1990. It has electronic and aircraft industries, machine shops, and a crystal silica quarry. Major agr. prods. are tomatoes, fruit, avocados, cattle, dairying, and flowers; the flower fields in bloom are a tourist attraction. Mfg. (computer parts, medical and dental equip., electronic equip., plastic and medicinal prods., machine tools). Mineral springs, 2 lagoons (1 freshwater and 1 tidewater), and many water sports facilities here. La Costa resort spa. Carlsbad and South Carlsbad state beaches. Settled in the 1880s, inc. 1952.

The Columbia Gazetteer of North America. Copyright © 2000 Columbia University Press.

CONTENTS · ENTRY INDEX · BIBLIOGRAPHIC RECORD

‹ Carlow Island                                                      Carlsbad ›

Google [_____] [ Search ]

Click here to shop the Bartleby Bookstore.

Welcome · Press · Advertising · Linking · Terms of Use · © 2005 Bartleby.com





http://64.233.169.104/search?q=cache:8_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+%27crossings+at+carlsbad%22&
hl=en&ct=clnk&cd=1&gl=us       10/22/2007 12:41:31 PM

This is G o o g l e's cache of http://www.thecrossingsatcarlsbad.com/ as retrieved on Oct 18, 2007 17:41:15 GMT.

G o o g l e's cache is the snapshot that we took of the page as we crawled the web.

The page may have changed since that time. Click here for the current page without highlighting.

This cached page may reference images which are no longer available. Click here for the cached text only.

To link to or bookmark this page, use the following url: http://www.google.com/search?q=cache:8_K7EjA5GzkJ:www.thecrossingsatcarlsbad.com/+'crossings+at+carlsbad%22&hl=en&ct=clnk&cd=1&gl=us

Google is neither affiliated with the authors of this page nor responsible for its content.

These search terms have been highlighted: crossings carlsbad



http://64.233.169.104/search?q=cache:8_K7FjA5GzkJ:www.thecrossingsatcarlsbad.com/+%27crossings+at+carlsbad%22&
hl=en&ct=clnk&cd=1&gl=us    10/22/2007 12:41:31 PM



http://ci.carlsbad.ca.us/      10/22/2007 12:42:25 PM



http://ci.carlsbad.ca.us/      10/22/2007 12:42:25 PM



Maps
Municipal Codes
Subscription Service
Trails
Volunteers
Other Government
Sites
City, State, and
Federal Agencies

Stay Connected to Hot Topics

Upcoming Events

Basketball Day Camp Held Over
Fall School Recess

San Onofre Siren System Test
Scheduled

Fall Festival - November 10

Library Hosts Free Concerts

Carlsbad Sister City Program
Sponsors High School Photo
Competition

Library Hosts Children's Author
Kathleen Duey

Library Hosts Free Buster Keaton
Film Series

Road Construction

Carlsbad Overlay Replacement
Schedule

Street Parking Available During
Senior Center Expansion

Security & Privacy Policy/Linking Policy          ©2007, City of Carlsbad          Contact Us | City of Carlsbad

| To: | City of Carlsbad (docketing@procopio.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 77263925 - THE CROSSINGS AT CAR - 115010-00 |
| Sent: | 10/22/2007 12:31:28 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/263925

**MARK**: THE CROSSINGS AT CAR

# *77263925*

**CORRESPONDENT ADDRESS**:
JACOB C. REINBOLT
PROCOPIO, CORY, HARGEAVES & SAVITCH,
LLP
530 B ST STE 2100
SAN DIEGO, CA 92101-4496

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:    City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET
NO**:
115010-00
**CORRESPONDENT E-MAIL ADDRESS**:
docketing@procopio.com

### NOTICE OF SUSPENSION

**ISSUE/MAILING DATE: 10/22/2007**

**SUSPENSION PROCEDURE:** This suspension notice serves to suspend action on the application for the reason(s) specified below.  No response is needed.  37.C.F.R.§2.67. The Office will conduct periodic status checks to determine if suspension remains appropriate.

**Search for Conflicting Marks**



The examining attorney has searched the Office records and has found no similar *registered* mark that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

**Suspension**

Action on this application is suspended pending the disposition of:

    - Application Serial No(s). **77054111, 77203754 and 77202046**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d).  See 37 C.F.R. §2.83; TMEP §§1208 et seq.  A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension.  TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue.  If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response.  15 U.S.C. §1062(b); 37 C.F.R. §2.62.

**Notice -- TEAS Plus Guidelines**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:  TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html:  (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis.  If any of these documents are filed on paper, they must be accompanied by a $50 per class fee.  37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i).  Telephone responses will not incur an additional fee.  NOTE:  In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee.  37 C.F.R. §2.23(a)(2).


        /Michael P. Keating/

        Trademark Attorney

        Law Office 101

        (571) 272-9177

        (571) 273-9101 (fax)

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 22, 2007**                    **77054111**

**DESIGN MARK**

**Serial Number**
77054111

**Status**
OPPOSITION PENDING

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 025. US 022 039. G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CARLSBAD APART FROM THE
MARK AS SHOWN.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                    **77202046**

**DESIGN MARK**

**Serial Number**
77202046

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 041. US 100 101 107. G & S: Golf
courses.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/08

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                      **77203754**

**DESIGN MARK**

**Serial Number**
77203754

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls; Golf clubs; Golf tees.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/12

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

| To: | City of Carlsbad (docketing@procopio.com) |
|---|---|
| Subject: | TRADEMARK APPLICATION NO. 77263971 - THE CROSSINGS AT CAR - 115010-00 |
| Sent: | 10/22/2007 12:29:53 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/263971

**MARK**: THE CROSSINGS AT CAR

# *77263971*

**CORRESPONDENT ADDRESS:**
JACOB C. REINBOLT
PROCOPIO, CORY, HARGEAVES & SAVITCH,
LLP
530 B ST STE 2100
SAN DIEGO, CA 92101-4496

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
115010-00
**CORRESPONDENT E-MAIL ADDRESS:**
docketing@procopio.com

### NOTICE OF SUSPENSION

**ISSUE/MAILING DATE: 10/22/2007**

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. 37.C.F.R.§2.67. The Office will conduct periodic status checks to determine if suspension remains appropriate.

**Search for Conflicting Marks**



The examining attorney has searched the Office records and has found no similar *registered* mark that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

## Suspension

Action on this application is suspended pending the disposition of:

- Application Serial No(s). **77054111, 77203754 and 77202046**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d).  See 37 C.F.R. §2.83; TMEP §§1208 et seq.  A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension.  TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue.  If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response.  15 U.S.C. §1062(b); 37 C.F.R. §2.62.

## Notice -- TEAS Plus Guidelines

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:  TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html:  (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis.  If any of these documents are filed on paper, they must be accompanied by a $50 per class fee.  37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i).  Telephone responses will not incur an additional fee.  NOTE:  In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee.  37 C.F.R. §2.23(a)(2).

/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 22, 2007**                          **77054111**

**DESIGN MARK**

**Serial Number**
77054111

**Status**
OPPOSITION PENDING

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CARLSBAD APART FROM THE
MARK AS SHOWN.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                          **77202046**

## DESIGN MARK

**Serial Number**
77202046

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 041. US 100 101 107. G & S: Golf
courses.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/08

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                              **77203754**

**DESIGN MARK**

**Serial Number**
77203754

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 028. US 022 023 038 050. G & S: Golf
balls; Golf clubs; Golf tees.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/12

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

| To: | City of Carlsbad (docketing@procopio.com) |
| Subject: | TRADEMARK APPLICATION NO. 77263996 - THE CROSSINGS AT CAR - 115010-00 |
| Sent: | 10/22/2007 12:30:44 PM |
| Sent As: | ECOM101@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/263996

**MARK**: THE CROSSINGS AT CAR

# *77263996*

**CORRESPONDENT ADDRESS:**
JACOB C. REINBOLT
PROCOPIO, CORY, HARGEAVES & SAVITCH, LLP
530 B ST STE 2100
SAN DIEGO, CA 92101-4496

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**

**APPLICANT:**    City of Carlsbad

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
115010-00
**CORRESPONDENT E-MAIL ADDRESS**:
docketing@procopio.com

### NOTICE OF SUSPENSION

**ISSUE/MAILING DATE: 10/22/2007**

**SUSPENSION PROCEDURE**: This suspension notice serves to suspend action on the application for the reason(s) specified below. No response is needed. 37.C.F.R.§2.67. The Office will conduct periodic status checks to determine if suspension remains appropriate.

**Search for Conflicting Marks**



The examining attorney has searched the Office records and has found no similar *registered* mark that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

## Suspension

Action on this application is suspended pending the disposition of:

- Application Serial No(s). **77054111, 77203754 and 77202046**

Since applicant's effective filing date is subsequent to the effective filing date of the above-identified application(s), the latter, if and when it registers, may be cited against this application in a refusal to register under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d). See 37 C.F.R. §2.83; TMEP §§1208 et seq. A copy of information relevant to this pending application(s) **is attached.**

Applicant may submit a request to remove the application from suspension to present arguments related to the potential conflict between the relevant application(s) or other arguments related to the ground for suspension. TMEP §716.03. Applicant's election not to present arguments during suspension will not affect the applicant's right to present arguments later should a refusal in fact issue. If a refusal does issue, applicant will be afforded 6 months from the mailing or e-mailing date of the Office action to submit a response. 15 U.S.C. §1062(b); 37 C.F.R. §2.62.

## Notice -- TEAS Plus Guidelines

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

/Michael P. Keating/

Trademark Attorney

Law Office 101

(571) 272-9177

(571) 273-9101 (fax)

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

**Print: Oct 22, 2007**                              **77054111**

**DESIGN MARK**

**Serial Number**
77054111

**Status**
OPPOSITION PENDING

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Shah, Prince Reza INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 025. US 022 039. G & S: clothing,
namely, men's and women's golf caps and golf shirts.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE CARLSBAD APART FROM THE
MARK AS SHOWN.

**Filing Date**
2006/11/30

**Examining Attorney**
GOODMAN, WENDY

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                    **77202046**

## DESIGN MARK

**Serial Number**
77202046

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE. IC 041. US 100 101 107. G & S: Golf
courses.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/08

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

-1-

# THE CROSSINGS AT CARLSBAD

**Print: Oct 22, 2007**                    **77203754**

**DESIGN MARK**

**Serial Number**
77203754

**Status**
APPROVED FOR PUBLICATION

**Word Mark**
THE CROSSINGS AT CARLSBAD

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Prince Reza Shah INDIVIDUAL UNITED STATES P.O. Box 2471 Carlsbad
CALIFORNIA 92018

**Goods/Services**
Class Status -- ACTIVE.  IC 028.  US  022 023 038 050.  G & S: Golf
balls; Golf clubs; Golf tees.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARLSBAD" APART FROM
THE MARK AS SHOWN.

**Filing Date**
2007/06/12

**Examining Attorney**
FATHY, JESSICA

**Attorney of Record**
James E. Clevenger

# THE CROSSINGS AT CARLSBAD

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152689     – TC
* * C O P Y * *
July 07, 2008
16:05:35**

**Civ Fil Non-Pris**
USAO #.: 08CV1211
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BC2164

**Total-> $350.00**

FROM: CITY OF CARLSBAD
      VS
      PRINCE REZA SHAH

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
City of Carlsbad; Carlsbad Public Financing Authority

## DEFENDANTS
Prince Reza Shah **'08 CV 1211 JLS WMc**

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jacob C. Reinholt (Bar No. 138085)
Paul A. Tyrell (Bar No. 193798)
Procopio Cory Hargreaves & Savitch LLP
530 B Street, Suite 2100, San Diego, California 92101
Telephone: (619) 238-1900

Attorneys (If Known)
James E. Clevenger
1334 Scenic Drive
Escondido, California 92029
Telephone: (760) 489-5043

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 501; 15 U.S.C. 1125(d); 15 U.S.C. 1125(a); 38 USC 2201-02

Brief description of cause:
Copyright Infringement; Cybersquatting; Unfair Competition in Violation of the Lanham Act; and Dec. Judgment of Trademark Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
July 7 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 152689    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

CTAC 7/7/08

American LegalNet, Inc.
www.FormsWorkflow.com